# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MATTHEW ANTHONY GERACI,     )
                                    )

        Plaintiff,               )
                                    )

          v.                  )
                                    )    C.A. No. N21C-07-151 CLS

UBER TECHNOLOGIES, INC.,      )
                                    )

        Defendant.          )
                                    )
                                    )
                                    )

Date Submitted: October 6, 2021
Date Decided: October 29, 2021

*On Defendant's Motion to Dismiss and Compel Arbitration*. **GRANTED, in part.**

## ORDER

Matthew Anthony Geraci, Florence, Kentucky, 41042, *pro se*.

Henry E. Gallagher, Jr., Esquire, and Lauren P. DeLuca, Esquire, Connolly Gallagher LLP, Wilmington, Delaware, 19801, Attorneys for Defendant.

**SCOTT, J.**

## INTRODUCTION

Before this Court is Uber Technologies, Inc.'s ("Defendant") Motion to Dismiss and Compel Arbitration. The Court has reviewed the parties' submissions and the record below. For the following reasons, Defendant's Motion to Compel Arbitration and to Dismiss is **GRANTED, in part** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

## FACTS

This civil action arises from Matthew Anthony Geraci's ("Plaintiff") complaint filed on July 21, 2021, regarding his driver account associated with Defendant being deactivated due to Defendant's claims of misuse of trademark and harm to Defendant's brand.

Plaintiff voluntarily entered into two separate agreements with Rasier, LLC, a wholly owned subsidiary of Defendant, to participate as a driver in the ride sharing application as evidenced by Defendant's Exhibit E, containing Plaintiff's log of accepted agreements from Defendant's application.

One agreement was entered into on September 22, 2019, which contained an arbitration provision which "applies, without limitation, to all disputes… arising out of or related to this Agreement and disputes arising out of or related to Plaintiff's relationship with Defendant, including termination of the relationship. This

arbitration provision also applies, without limitation, to disputes regarding . . . termination, . . . federal and state statutory and common law claims."

The second agreement was entered into on January 6, 2020, which applied the arbitration provision to all claims whether brought by Plaintiff or Defendant and "applies, without limitation to disputes between Plaintiff and Defendant . . . arising out of or related to Plaintiff's application for and use of the account to use Defendant's Platform and Driver App as a driver, . . . Plaintiff's contractual relationship with Defendant or the termination of that relationship . . . federal state or local statutory, common law and legal claims."

Plaintiff had thirty (30) days from the time he entered into the agreements to opt out of the arbitration provisions. He failed to do so.

Defendant moves to dismiss Plaintiff's complaint, arguing the Court lacks subject matter jurisdiction because the matter is subject to binding arbitration pursuant to agreements signed by Plaintiff to work as a ride-sharing driver. In response, Plaintiff relies on an opinion rendered by the Canadian Supreme Court, which has no binding or persuasive authority to this Court.

## STANDARD OF REVIEW

Defendant moves to dismiss based on Superior Court Civil Rule 12(b)(1), claiming that the Superior Court lacks subject matter jurisdiction over the claims in

the Complaint. It is well-settled in Delaware that the power to compel arbitration lies exclusively with the Court of Chancery.[1] Therefore, this Court cannot render an opinion on compelling arbitration.

However, this Court has held it has jurisdiction to determine whether a valid and enforceable arbitration agreement exists for purposes of determining whether it has subject matter jurisdiction.[2] The Court may dismiss a complaint for lack of subject matter jurisdiction after determining, at most, (1) whether a valid and enforceable arbitration agreement exists and (2) whether the scope of that agreement covers the plaintiff's claims.[3] In reviewing such a motion, a court may consider matters outside the pleadings, such as testimony and affidavits.[4] On a Motion to Dismiss under Rule 12(b)(1), the Court must accept every well-pled allegation as true and draw all reasonable inferences in the non-movant's favor.[5] A Motion to Dismiss should be denied unless it appears to a "reasonable certainty" that the

---

[1] 10 Del. C. § 5701.
[2] *Bruce Jones, et al. v. 810 Broom Street Operations Inc.*, 2014 WL 1347746 (Del Super. 2014); *Aquila of Delaware, Inc. v. Wilmington Trust Company*, 2011 WL 4908406 (Del. Super. 2011).
[3] *Jones*, 2014 WL 1347746, at *1.
[4] *Cecilia Abernathy, et al. v. Brandywine Urology Consultants, PA*, 2021 WL 211144 (Del. Super. 2021).
[5] *Donald H. Loudon, Jr., v. Archer-Daniels-Midland Co., et al.*, 700 A.2d 135, 140 (Del. Supr. 1997).

plaintiff would not be entitled to relief under any set of facts that could be proved to support them.[6]

## DISCUSSION

This Court lacks subject matter over this claim because (1) Plaintiff entered into a valid and enforceable arbitration agreement and (2) the scope of the agreement cannot be determined by this Court.

The agreements before the Court are in the form of a valid "clickwrap" agreement. "A clickwrap agreement is an online agreement that requires a 'webpage user [to] manifest assent to the terms of a contract by clicking an 'accept' button in order to proceed.'"[7] Clickwrap agreements are routinely recognized by courts and are enforceable under Delaware law.[8] Here, Plaintiff clicked "YES, I AGREE" to the terms of the agreement to create an account and continue to use such account. Plaintiff agreed to the terms of the agreement and clickwrap agreements, such as the one present in this case, are enforceable, therefore, Plaintiff entered into a valid and enforceable arbitration agreement.

---

[6] *Id.*

[7] *Newell Rubbermaid Inc. v. Storm*, 2014 WL 1266827, at *1 (Del. Ch. Mar. 27, 2014) (*citing Van Tassell v. United Mktg. Gp., LLC*, 795 F.Supp.2d 770, 790 (N.D. Ill. 2011)).

[8] *Newell Rubbermaid*, 2014 WL 1266827, at * 1.

Subsequently, the Court must determine whether the scope of the agreements covers the claims made by Plaintiff. Plaintiff's claims seem to be covered by the agreements because his claims arise from the termination of the relationship between Plaintiff and Defendant, which is specifically referenced in both agreements. However, ultimately, the arbitrator must decide whether Plaintiff's claims fall under the agreements because the Technology Services Agreement, Defendant's Exhibit C, delegates the issues of arbitrability to the arbitrator. "When ... parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator."[9] Parties can agree to arbitrate questions of "arbitrability"[10] and the agreement expressly provides issues of arbitrability would be subject to the arbitrator by providing:

> such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision. All such matters shall be decided by an Arbitrator and not by a court or judge.

---

[9] *Behm v. Am. Int'l Grp., Inc.*, 2013 WL 3981663, at *6 (Del. Super. Ct. July 30, 2013) (citations omitted).

[10] *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69, 130 S. Ct. 2772, 2777, 177 L. Ed. 2d 403 (2010).

Plaintiff agreed to the arbitration agreements by assenting to the terms by clicking "YES, I AGREE" when prompted to, so he agreed to arbitrate questions of arbitrability. This Court cannot decide whether Plaintiff's claims fall under the agreements.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant's Motion to Dismiss and Compel Arbitration is **GRANTED, in part** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**